*ELLA A. MILLER, EXRX. v. WM. C. McLEAN, ADMR.

1. EQUITABLE DOCTRINES NOT APPLICABLE TO ACTION AT LAW GOVERNED BY STATUTE OF LIMITATIONS.

   The doctrine of stale equity or laches does not apply to an action at law governed by the statute of limitations; hence, as the statute of limitations does not begin running during coverture, such equitable doctrines cannot be invoked against her administrator in an action against her husband's estate to recover her separate property which passed into his possession during coverture.

2. REDUCTION INTO POSSESSION BY HUSBAND OF WIFE'S PROPERTY.

   A reduction into possession by the husband of his wife's property is affected by the husband's appropriating her money and notes, rendering no account of either principal or interest to her, for more than thirty years, it appearing that she requested none but repeatedly said that there was only one pocketbook in the family, and that after his death, she elected to take under his will, which disposed of all property standing in his name without acknowledging any debt to her, and her declaring that all her property had been given to him to dispose of as he saw fit.

3. HUSBAND PAYING DEBT FOR BUILDING HOUSE ON WIFE'S LOT AND HIS RETAINING PROCEEDS ON SALE THEREOF NOT PRESUMED GIFT.

   The presumption that a gift is intended by the husband's payment of his wife's debt does not apply where such debt was to a firm of which he was a member, consisting of a balance due for the construction of a building on a lot owned by her, which was soon afterward sold and the proceeds retained by the husband until his death.

4. SUBSEQUENTLY DISCOVERED EVIDENCE PROFFERED AS NEW DEFENSE ADMISSIBLE.

   In an action by an administrator of a wife's estate to recover from her husband's estate her property which had passed into his possession during coverture, refusal, after final submission of the case, to hear new evidence subsequently discovered which is not cumulative but relates to payment by the husband of the debts of the wife and is proffered as a new defense, constitutes error.

5. CASH BOOK OF HUSBAND'S FIRM COMPETENT TO PROVE PAYMENT OF WIFE'S DEBT.

   The cash book of a firm of which a deceased husband was a member showing his payment of his wife's debt to the firm is competent evidence under Sec. 5242 Rev. Stat. to show payment or assumption of payment thereof, and under the rule requiring him to account for all money received by him as trustee in the management of his wife's estate, is admissible as a credit for payment made in that capacity.

6. ADMISSIBILITY OF ENTRY IN DIARY.

   An entry in a diary of decedent purporting to be the result of an ex-

---

*A more complete statement of facts may be found in *McLean* v. *Miller*, 17 Dec. 628, which is herein reversed.

Miller v. McLean.

amination of his account as shown by the books of a firm of which he was a member, part of which have since been destroyed by fire, being against his interest when made is admissible in his interest after his death.

7. EXCLUSION OF EVIDENCE AFTER TRIAL REQUIRING DIFFERENT JUDGMENT.

Excluding newly discovered evidence, which if uncontradicted, would require a different judgment, is not erroneous where the application made for its admission was not by motion for a new trial under Sec. 5307 Rev. Stat. nor by petition under Sec. 5309.

8. GIFTS INTER VIVOS EVIDENCED BY CLEAR AND CONVINCING EVIDENCE SUFFICIENT.

Evidence of a gift *inter vivos* must be clear and convincing; it is not required to be direct and positive.

9. REDUCTION OF WIFE'S PROPERTY INTO POSSESSION OF HUSBAND SHOWN BY EVIDENCE OF HER DECLARATIONS.

Assent to her husband's use of her property then in his possession, and for his benefit may be shown by the declarations of a deceased wife, and such reduction into his possession will not be set aside if the weakness of the testimony is merely in the source and not in the substance thereof.

10. ASSENT OF WIFE TO HUSBAND'S USE OF HER PROPERTY AS HIS OWN CORROBORATIVE OF GIFT.

Where a wife has full knowledge that her husband is using her property as his own, investing part of it in real estate, taking title in his own name, selling part and reinvesting the proceeds without in any way recognizing her as a creditor or beneficiary, her assent thereto during more than thirty years of harmonious and affectionate married life is clearly corroborative of declarations that a gift was intended.

11. PROOF OF POSSESSION OF WIFE'S CHOSES TRANSFERABLE BY DELIVERY NOT SUFFICIENT.

Evidence that the husband had possession of a check and notes, transferable by delivery and given in payment for property of his wife, does not sustain the burden of proof required in an action for money had and received, in the absence of testimony that he realized the cash or its equivalent by using the check and notes.

ERROR to Hamilton superior court.

**Healy, Ferris & McAvoy,** for plaintiff in error.

**W. C. McLean** and **Edward Barton,** for defendant in error:

Where the husband receives, directly or indirectly, from the wife, money, notes or other property belonging to her, the presumption is, that he receives the same as a loan or trust, or in the capacity of agent, and that it was intended that he should account therefor to her. If he claims to have received the property as a gift, the burden is upon him to establish that fact. *Rowe* v. *Rowe,* 2 De G. & Sm. 294; *Woodward* v. *Woodward,* 3 De G. J. & S. 672; *Bennett* v. *Davis,* 2 P. Wms. 316; *Rich* v. *Cockell,* 9 Ves. Jr. 369; *Green* v. *Carlill,* L. R. 4 Ch. D. 882; *Flamark, In re,* L. R. 40 Ch. D. 461; *Curtis, In re,* 52 Law T. Rep. (N. S.) 244; *Blake, In re,* 60 Law Rep. 663, where English cases

Hamilton County.

to date of decision (1889) are collected. *Gardner* v. *Gardner*, 1 Gif. 127; *Alexander* v. *Barnhill*, 21 Law Rep. (L. R. Irish-Chan. Div.) 511; *Elliott* v. *Russell*, 19 Ont. 413; 6 Enc. Law. of Eng. 273; Lush, Husb. & Wife (2 ed.) 196; *Stickney* v. *Stickney*, 131 U. S. 227 [9 Sup. Ct. Rep. 677; 33 L. Ed. 136]; *Garner* v. *Bank*, 151 U. S. 420 [14 Sup. Ct. Rep. 390; 38 L. Ed. 218]; *Neiman, In re*, 109 Fed. Rep. 113; *Brown* v. *Daugherty*, 120 Fed. Rep. 526; *Cole, In re*, 144 Fed. Rep. 392; *Sessions* v. *Sessions*, 33 Ala. 522; *Sampley* v. *Watson*, 43 Ala. 377; *Smyley* v. *Reese*, 53 Ala. 89 [25 Am. Rep. 598]; *Hannaford* v. *Dowdle*, 75 Ark. 127 [86 S. W. Rep. 818]; *White* v. *Warren*, 120 Cal. 322 [49 Pac. Rep. 129]; *Jarvis* v. *Prentice*, 19 Conn. 272; *Oliver* v. *Hammond*, 85 Ga. 323 [11 S. E. Rep. 655]; *Rucker* v. *Maddox*, 114 Ga. 899 [41 S. E. Rep. 68]; *Barber* v. *Barber*, 125 Ga. 226 [53 S. E. Rep. 1017]; *Patten* v. *Patten*, 75 Ill. 446; *Tomlinson* v. *Matthews*, 98 Ill. 178; *Smith* v. *Willard*, 174 Ill. 538 [51 N. E. Rep. 835; 66 Am. St. Rep. 313]; *Jackson* v. *Kraft*, 186 Ill. 623 [58 N. E. Rep. 298]; *Bartlett* v. *Wright*, 29 Ill. App. 339; *Garner* v. *Graves*, 54 Ind. 188; *Denny* v. *Denny*, 123 Ind. 240 [23 N. E. Rep. 519]; *Parrett* v. *Palmer*, 8 Ind. App. 356 [35 N. E. Rep. 713; 52 Am. St. Rep. 479]; *King* v. *King*, 24 Ind. App. 598 [57 N. E. Rep. 275; 79 Am. St. Rep. 287]; *Comer* v. *Hayworth*, 30 Ind. App. 144 [65 N. E. Rep. 595; 96 Am. St. Rep. 335]; *Carter* v. *Becker*, 69 Kan. 524 [77 Pac. Rep. 264]; *Rosseau* v. *Flower*, 6 Ky. Law Rep. 298; *Buckel* v. *Smith*, 26 Ky. Law Rep. 494 [82 S. W. Rep. 235]; *Leeds & Co., In re*, 49 La. Ann. 501 [21 So. Rep. 617]; *Jenkins* v. *Maier*, 118 La. 130 [42 So. Rep. 722]; *Sykes* v. *Bank*, 115 Mich. 321 [73 N. W. Rep. 369; 69 Am. St. Rep. 562]; *Durfee* v. *McClurg*, 6 Mich. 223; *Penniman* v. *Perce*, 9 Mich. 509; *Wales* v. *Newbould*, 9 Mich. 45; *White* v. *Zane*, 10 Mich. 333; *Jenne* v. *Marble*, 37 Mich. 319; *McNally* v. *Weld*, 30 Minn. 209 [14 N. W. Rep. 895]; *Chadbourn* v. *Williams*, 45 Minn. 294 [47 N. W. Rep. 812]; *Pennington* v. *Acker*, 30 Miss. 161; *Wiley* v. *Gray*, 36 Miss. 510; *Allen* v. *Miles*, 36 Miss. 640; *Burks* v. *Loggins*, 39 Miss. 462; *Broughton* v. *Brand*, 94 Mo. 169 [7 S. W. Rep. 119]; *Alkire Grocer Co.* v. *Ballenger*, 137 Mo. 369 [38 S. W. Rep. 911]; *Moeckel* v. *Heim*, 46 Mo. App. 340; *Schmalhorst* v. *Peebles*, 71 Mo. App. 219; *McClain* v. *Abshire*, 72 Mo. App. 390; *Stone* v. *Bank*, 81 Mo. App. 9; *Jones* v. *Falls*, 101 Mo. App. 536 [73 S. W. Rep. 903]; *Havorka* v. *Havlik*, 68 Neb. 14 [93 N. W. Rep. 990; 110 Am. St. Rep. 387]; *Jones* v. *Davenport*, 44 N. J. Eq. 33 [13 Atl. Rep. 652]; *Cole* v. *Lee*, 45 N. J. Eq. 779 [18 Atl. Rep. 854]; *Adoue* v. *Spencer*, 62 N. J. Eq. 782 [49 Atl. Rep. 10; 56 L. R. A. 817; 90 Am. St. Rep. 484]; *Brady* v. *Brady*, 58 Atl. Rep. 931 (N. J. Ch.); *Boyd* v. *De La Montagnie*,

Miller v. McLean.

73 N. Y. 498 [29 Am. Rep. 197]; *Haack* v. *Weicken,* 118 N. Y. 67 [23 N. E. Rep. 133]; *Lamb* v. *Lamb,* 18 App. Div. 250 [46 N. Y. Supp. 219]; *Williams* v. *Green,* 68 N. C. 183; *Lyon* v. *Akin,* 78 N. C. 258; *Toms* v. *Flack,* 127 N. C. 420 [37 S. E. Rep. 471]; *Johnston* v. *Johnston,* 31 Pa. St. 450; *Grabill* v. *Moyer,* 45 Pa. St. 530; *Gicker* v. *Martin,* 50 Pa. St. 138; *Bergey's Appeal,* 60 Pa. St. 408 [100 Am. Dec. 578]; *Young's Estate,* 65 Pa. St. 101; *Hamill's Appeal,* 88 Pa. St. 363; *Dexter* v. *Billings,* 110 Pa. St. 135 [1 Atl. Rep. 180]; *Wormley's Estate,* 137 Pa. St. 101 [20 Atl. Rep. 621]; *Hauer's Estate,* 140 Pa. St. 420 [21 Atl. Rep. 445; 23 Am. St. Rep. 245]; *Hawley* v. *Griffith,* 187 Pa. St. 306 [41 Atl. Rep. 30]; *Messner* v. *Messner,* 1 Pears. (Pa.) 222; *Bardsley, Estate of,* 13 Phil. 222; *Way* v. *Insurance Co.* 61 S. C. 501 [39 S. E. Rep. 742]; *Walt* v. *Walt,* 113 Tenn. 189 [81 S. W. Rep. 228]; *Bradshaw* v. *Mayfield,* 18 Tex. 21; *Richardson* v. *Hutchins,* 68 Tex. 81 [3 S. W. Rep. 276]; *Tison* v. *Gass,* 102 S. W. Rep. 751 (Tex. Civ. App.); *Neiman, In re,* 109 Fed. Rep. 113; 1 Perry, Trusts (5 ed.) 127, 166; 2 Perry, Trusts (5 ed.) Sec. 666; Abbott's Trial Ev. (2 ed.) 212; 25 Am. & Eng. Enc. Law (2 ed.) 366; Harris, Contracts of Married Women Sec. 576; *Heckman* v. *Adams,* 50 Ohio St. 305 [34 N. E. Rep. 155]; Crawley, Law of Husband & Wife 268; *Comer* v. *Hayworth,* 30 Ind. App. 144 [65 N. E. Rep. 595; 96 Am. St. Rep. 335]; *Sykes* v. *Bank,* 115 Mich. 321 [73 N. W. Rep. 369; 69 Am. St. Rep. 562]; *White* v. *Zane,* 10 Mich. 333; *Chadbourn* v. *Williams,* 45 Minn. 294 [47 N. W. Rep. 812]; *Allen* v. *Miles,* 36 Miss. 640.

The taking in the husband's name, or in the joint names of husband and wife of a purchase money note or mortgage for the proceeds of the sale of the wife's property is not evidence of ownership in the husband. *Sessions* v. *Sessions,* 33 Ala. 522; *Sampley* v. *Watson,* 43 Ala. 377; *Burks* v. *Loggins,* 39 Miss. 462; *Rosseau* v. *Flower,* 6 Ky. Law Rep. 298; *Williams* v. *Green,* 68 N. C. 183; *Toms* v. *Flack,* 127 N. C. 420 [37 S. E. Rep. 471]; *Harrington* v. *Rawls,* 131 N. C. 39 [42 S. E. Rep. 461]; *Harrington* v. *Rawls,* 136 N. C. 65 [48 S. E. Rep. 571]; *Trimble* v. *Reis,* 37 Pa. St. 448; *Dexter* v. *Billings,* 110 Pa. St. 135 [1 Atl. Rep. 180]; *Messner* v. *Messner,* 1 Pears. (Pa.) 222; *Tison* v. *Gass,* 102 S. W. Rep. 751 (Tex. Civ. App.); *Stickney* v. *Stickney,* 131 U. S. 227 [9 Sup. Ct. Rep. 677; 33 L. Ed. 136]; *Prole* v. *Soady,* L. R. 3 Ch. App. 220; *Nicholson* v. *Drury Bldgs. Estate Co.* L. R. 7 Ch. D. 48; *Curtis, In re,* 52 Law T. Rep. (N. S.) 244; *Walt* v. *Walt,* 113 Tenn. 189 [81 S. W. Rep. 228]; 15 Am. & Eng. Enc. Law (2 ed.) 1132; 25 Am. & Eng. Enc. Law (2 ed.) 367; *Parrett* v. *Palmer,* 8 Ind. App. 356 [35 N. E. Rep. 713]; 2 Spence, Eq. Jur. 478.

### Hamilton County.

Where a trust relation is once shown to exist, it will be presumed to continue. *Spencer* v. *McDonald,* 22 Ark. 466; *Payne* v. *Bank,* 43 Mo. App. 377; *Carder* v. *Primm,* 52 Mo. App. 102; *McGuire* v. *Nugent,* 103 Mo. 161 [15 S. W. Rep. 551]; *Cumberland Coal & Iron Co.* v. *Parish,* 42 Md. 598; 22 Am. & Eng. Enc. Law (2 ed.) 1243; 28 Am. & Eng. Enc. Law (2 ed.) 1020.

The effect of the presumptions to which we have referred is to establish the fact that Samuel Mills received the money as the estate of his wife, and as her agent or trustee. *Metropolitan St. Ry.* v. *Powell,* 89 Ga. 601 [16 S. E. Rep. 118]; *Market & Fulton Nat. Bank* v. *Sargent,* 85 Me. 349 [27 Atl. Rep. 192; 35 Am. St. Rep. 376]; 5 Am. & Eng. Enc. Law (2 ed.) 41.

The Ohio law as to the separate estate of a married woman, before the date of the enactment of the statute of April 3, 1861, the distinction between "reduction to possession" and "possession." *Newton* v. *Clark,* 12 Dec. Re. 613 (1 Disn. 265); *Carter* v. *Buckingham,* 12 Dec. Re. 202 (1 Handy 395); *Buckingham* v. *Carter,* 13 Dec. Re. 26 (2 Disn. 41); *Boyer* v. *Davis,* 9 Circ. Dec. 526 (17 R. 191); *Ramsdall* v. *Craighill,* 9 Ohio 197; *Huber* v. *Huber,* 10 Ohio 371; *Dixon* v. *Dixon,* 18 Ohio 113; *Wood* v. *Warden,* 20 Ohio 518; *Walden* v. *Chambers,* 7 Ohio St. 30; *Hardy* v. *Van Harlingen,* 7 Ohio St. 208; *Pierson* v. *Smith,* 9 Ohio St. 554 [75 Am. Dec. 486]; *Glidden* v. *Taylor,* 16 Ohio St. 509 [91 Am. Dec. 98]; *Quigley* v. *Graham,* 18 Ohio St. 42; *Newton* v. *Taylor,* 32 Ohio St. 399; *Sessions* v. *Trevitt,* 39 Ohio St. 259; *Hershizer* v. *Florence,* 39 Ohio St. 516; *Douglass* v. *Miller,* 4 Dec. 414 (3 N. P. 220); *Barnum* v. *Reed,* 136 Ill. 388 [26 N. E. Rep. 572]; Harris, Contracts of Married Women Sec. 576; Schouler, Husband & Wife Sec. 156; *Adoue* v. *Spencer,* 62 N. J. Eq. 782 [49 Atl. Rep. 10; 56 L. R. A. 817; 90 Am. St. Rep. 484]; 15 Am. & Eng. Enc. Law (2 ed.) 826.

The Ohio statutes of 1861, 1866 and 1871, considered in themselves, and aside from the subsequent Ohio decisions. 26 Am. & Eng. Enc. Law (2 ed.) 607; *Turney* v. *Yeoman,* 14 Ohio 207; *Cincinnati St. Ry.* v. *Horstman,* 72 Ohio St. 93 [73 N. E. Rep. 1075]; *State* v. *Fry,* 186 Mo. 198 [85 S. W. Rep. 328]; *Adoue* v. *Spencer,* 62 N. J. Eq. 782 [49 Atl. Rep. 10; 56 L. R. A. 817; 90 Am. St. Rep. 484]; *Gickers* v. *Martin,* 60 Pa. St. 138.

The Ohio law after the statute of April 3, 1861, was enacted— and, in the connection, the difference between her rights as against her husband or his estate, and as against his creditors. ·

(a)    As against the husband. *Glidden* v. *Taylor,* 16 Ohio St. 509 [91 Am. Dec. 98]; *Rostetter* v. *Grant,* 18 Ohio St. 126 [98 Am. Dec.

Miller v. McLean.

93]; *McGovern* v. *Knox*, 21 Ohio St. 547 [8 Am. Rep. 80]; *Levi* v. *Earl*, 30 Ohio St. 147; *Newton* v. *Taylor*, 32 Ohio St. 399; *Hershizer* v. *Florence*, 39 Ohio St. 516; *Franc* v. *Nirdlinger*, 41 Ohio St. 298; *Heckman* v. *Adams*, 50 Ohio St. 305 [34 N. E. Rep. 155]; *Roberts* v. *Remy*, 56 Ohio St. 249 [46 N. E. Rep. 1066]; *Yocum* v. *Allen*, 58 Ohio St. 280 [50 N. E. Rep. 909]; 25 Am. & Eng. Enc. Law (2 ed.) 366; *Parrett* v. *Palmer*, 8 Ind. App. 356 [35 N. E. Rep. 713]; 1 Perry, Trusts (5 ed.) Sec. 127; 2 Perry, Trusts (5 ed.) Sec. 656; *Patten* v. *Patten*, 75 Ill. 446; *Hardy* v. *Van Harlingen*, 7 Ohio St. 208; 2 Lewin, Trusts 778.

(b)   As against the husband's creditors.   *Franc* v. *Nirlinger*, 41 Ohio St. 298; *Moeckel* v. *Heim*, 46 Mo. App. 340; *Stone* v. *Bank*, 81 Mo. App. 9; *Darnaby* v. *Darnaby*, 77 Ky. (14 Bush) 485; *Vreeland* v. *Vreeland*, 16 N. J. Eq. 512; *Seitz* v. *Mitchell*, 94 U. S. 580 [24 L. Ed. 179]; *Chason* v. *Anderson*, 119 Ga. 495 [46 S. E. Rep. 629]; *Farmers & Traders' Bank* v. *Eubanks*, 2 Ga. App. 839 [59 S. E. Rep. 193].

The satisfaction of the Carlisle mortgage, and the joint release of the same, not only fail to show a gift, but are not evidence tending to establish a gift. *Kernohan* v. *Manss*, 53 Ohio St. 118 [41 N. E. Rep. 258; 29 L. R. A. 317]; *Carpenter* v. *Logan*, 83 U. S. (16 Wall.) 271 [21 L. Ed. 314]; *Stickney* v. *Stickney*, 131 U. S. 227 [9 Sup. Ct. Rep. 677; 33 L. Ed. 136]; *National Live Stock Bank* v. *Bank*, 203 U. S. 296 [27 Sup. Ct. Rep. 79; 51 L. Ed. 192]; *Murto* v. *Lemon*, 19 Colo. App. 314 [75 Pac. Rep. 160]; *Bergey's Appeal*, 60 Pa. St. 408 [100 Am. Dec. 578]; *Young's Estate*, 65 Pa. St. 101; *Curtis, In re*, 52 Law Rep. (N. S.) 244; 22 Am. & Eng. Enc. Law (2 ed.) 524; 20 Am. & Eng. Enc. Law (2 ed.) 1059; *Johnson* v. *Johnson*, 31 Pa. St. 450; *Hitchcock* v. *Merrick*, 18 Wis. 357; 1 Jones, Mortgages (6 ed.) Sec. 805.

The election of the wife to take under the will of her husband in no way affects this claim and furnishes no evidence even tending to support the contention that the title to her property ever vested in him or in his legatees or devisees. *Rowe* v. *Rowe*, 2 De G. & Sm. 294; *Curtis, In re*, 52 Law T. Rep. (N. S.) 244; *Cole* v. *Willard*, 25 Beav. 568; *Huish, In re*, L. R. 43 Ch. D. 260; *Wickersham's Estate, In re*, 138 Cal. 355 [70 Pac. Rep. 1076; 71 Pac. Rep. 437]; *Rucker* v. *Maddox*, 114 Ga. 899 [41 S. E. Rep. 68]; *Cameron* v. *Parish*, 155 Ind. 329 [57 N. E. Rep. 547]; *Lisle* v. *Tribble*, 92 Ky. 304 [17 S. W. Rep. 742]; *Smith* v. *Park*, 27 Ky. Law Rep. 12 [84 S. W. Rep. 304]; *Haack* v. *Weicken*, 118 N. Y. 67 [23 N. E. Rep. 133]; *Konvalinka* v. *Schlegel*, 104 N. Y. 125 [9 N. E. Rep. 868; 58 Am. Rep. 494]; *Spear's Will, In re*, 90 App. Div. 564 [86 N. Y. Supp. 448]; *Deichman* v. *Arndt*, 49 N. J. Eq. 106 [22 Atl. Rep. 799]; *Russell* v. *Minton*, 42 N. J. Eq. 123

Hamilton County.

[7 Atl. Rep. 342]; *Guignard* v. *Mayrant*, 4 Desau. (S. C.) 614; *Bible* v. *Marshall*, 103 Tenn. 324 [52 S. W. Rep. 1077]; 11 Am. & Eng. Enc. Law (2 ed.) 65; 1 Underhill, Wills Sec. 451; 18 Am. & Eng. Enc. Law (2 ed.) 774; *Carder* v. *Fayette Co.* (*Comrs.*) 16 Ohio St. 353; *Charch* v. *Charch*, 57 Ohio St. 561 [49 N. E. Rep. 408]; *Bowen* v. *Bowen*, 34 Ohio St. 164; *Owsley* v. *Price*, 26 O. C. C. 260 (4 N. S. 273); *Hibbs* v. *Insurance Co.* 40 Ohio St. 543; *Denny* v. *Denny*, 123 Ind. 240 [23 N. E. Rep. 519]; *Forsight* v. *Grant*, 1 Ves. Jr. 298; *Taylor* v. *Taylor*, 4 Jur. (N. S.) 1218.

There is nothing in the relationship of Susan B. Mills to her husband's daughter by his first wife from which an intent to make a gift to her husband can be inferred. *Hamill's Appeal*, 88 Pa. St. 363.

The estate of Susan B. Mills is not estopped to assert this claim.

The statute of limitations does not bar this claim. *Simmerson* v. *Tennery*, 37 Ohio St. 390; *Ham* v. *Kunzi*, 56 Ohio St. 531 [47 N. E. Rep. 536]; *Yocum* v. *Allen*, 58 Ohio St. 280 [50 N. E. Rep. 909]; *Clifford Banking Co.* v. *Commission Co.* 195 Mo. 262 [94 S. W. Rep. 527]; 19 Am. & Eng. Enc. Law (2 ed.) 186; *Denny* v. *Denny*, 123 Ind. 240 [23 N. E. Rep. 519].

The doctrines as to laches and stale claims and evidentiary presumption of payment, from lapse of time, have no application. *Hoiles* v. *Riddle*, 74 Ohio St. 173 [78 N. E. Rep. 219; 113 Am. St. Rep. 946]; *Fahs* v. *Taylor*, 10 Ohio 104; *Larrowe* v. *Beam*, 10 Ohio 498; *Youngs* v. *Heffner*, 36 Ohio St. 232; *McGovern* v. *Knox*, 21 Ohio St. 547 [8 Am. Rep. 80]; *Newton* v. *Taylor*, 32 Ohio St. 399; *Paschall* v. *Hinderer*, 28 Ohio St. 568; *Ham* v. *Kunzi*, 56 Ohio St. 531 [47 N. E. Rep. 536]; *Yocum* v. *Allen*, 58 Ohio St. 280 [50 N. E. Rep. 909]; *Springer* v. *Young*, 14 Ore. 280 [12 Pac. Rep. 400]; *Ashley* v. *Rockwell*, 43 Ohio St. 386 [2 N. E. Rep. 437]; *Condit* v. *Bigalow*, 64 N. J. Eq. 504 [54 Atl. Rep. 160]; *Werborn* v. *Austin*, 82 Ala. 498 [8 So. Rep. 280]; *Murto* v. *Lemon*, 19 Colo. App. 314 [75 Pac. Rep. 160]; *Teasley* v. *Bradley*, 110 Ga. 497 [35 S. E. Rep. 782; 78 Am. St. Rep. 113]; *Rucker* v. *Maddox*, 114 Ga. 899 [41 S. E. Rep. 68]; *Ryder* v. *Emrich*, 104 Ill. 470; *Gordon* v. *Johnson*, 186 Ill. 18 [57 N. E. Rep. 790]; *Fourthman* v. *Fourthman*, 15 Ind. App. 199 [43 N. E. Rep. 965]; *Dice* v. *Irvin*, 110 Ind. 561 [11 N. E. Rep. 488]; *Denny* v. *Denny*, 123 Ind. 240 [23 N. E. Rep. 519]; *Bohannon* v. *Bohannon*, 29 Ky. Law Rep. 143 [92 S. W. Rep. 597]; *Barnett* v. *Harshbarger*, 105 Ind. 410 [5 N. E. Rep. 718]; *Connar* v. *Leach*, 84 Md. 571 [36 Atl. Rep. 591]; *Bowie* v. *Stonestreet*, 6 Md. 418 [61 Am. Dec. 318]; *Yeomans* v. *Petty*, 40 N. J. Eq. 495 [4 Atl. Rep. 631]; *Grafton Bank* v. *Doe*, 19 Vt. 463 [47 Am. Dec. 697]; 22 Am. &

Miller v. McLean.

Eng. Enc. Law (2 ed.) 1243; *Parrett* v. *Palmer,* 8 Ind. App. 356 [35 N. E. Rep. 713]; *Wormley's Estate,* 137 Pa. St. 101 [20 Atl. Rep. 621]; *Lyon* v. *Akin,* 78 N. C. 258; *Hurlbut* v. *Wade,* 40 Ohio St. 603; *Walt* v. *Walt,* 113 Tenn. 189 [81 S. W. Rep. 228]; *Jones* v. *Davenport,* 44 N. J. Eq. 33 [13 Atl. Rep. 652]; *Curtis, In re,* 52 Law T. Rep. (N. S.) 244; *McNally* v. *Weld,* 30 Minn. 209 [14 N. W. Rep. 895]; *Dexter* v. *Billings,* 110 Pa. St. 135 [1 Atl. Rep. 180]; *Flammank, In re,* L. R. 40 Ch. D. 461; *Carder* v. *Primm,* 52 Mo. App. 102; *Douglass* v. *Miller,* 4 Dec. 414 (3 N. P. 220); *Hamill's Appeal,* 88 Pa. St. 363; *Stickney* v. *Stickney,* 131 U. S. 227 [9 Sup. Ct. Rep. 227; 33 L. Ed. 136]; *Bartlett* v. *Wright,* 29 Ill. App. 339; 19 Am. & Eng. Enc. Law (2 ed.) 204; *Young's Estate,* 65 Pa. St. 101.

In cases of this kind the rule of law is that a gift must be shown not simply by the preponderance of evidence, but by testimony that is "clear, strong, satisfactory and convincing" which many courts hold to mean "written evidence," of which there is none in this case. The evidence for the defense analyzed, and the rules of law applied. *Newton* v. *Taylor,* 32 Ohio St. 399; *Hoffmann* v. *Hoffmann,* 126 Mo. 486 [29 S. W. Rep. 603].

(a) The analogy as to nuncupative wills. *Gano* v. *Fisk,* 43 Ohio St. 462 [3 N. E. Rep. 532; 54 Am. Rep. 819]; *Varick* v. *Hitt,* 55 Atl. Rep. 139 (N. J. Ch.); 30 Am. & Eng. Enc. Law (2 ed.) 563; *Shirley* v. *Whitehead,* 1 Ired. (N. C.) Eq. 130.

(b) Gifts *inter vivos* must be proven by clear and convincing evidence. *Flanders* v. *Blandy,* 45 Ohio St. 108 [12 N. E. Rep. 321]; *Medill* v. *Fitzgerald,* 8 Circ. Dec. 129 (15 R. 415); *Allen-West Commission Co.* v. *Grumbles,* 129 Fed. Rep. 287; *Quirk* v. *Quirk,* 155 Fed. Rep. 199; *Barnum* v. *Reed,* 136 Ill. 388 [26 N. E. Rep. 572]; *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854].

(c) Gifts from wife to husband. *Hardy* v. *Van Harlingen,* 7 Ohio St. 209.

(d) Gifts from persons aged and dependent. *Baur* v. *Cron,* 66 Atl. Rep. 585 (N. J. App.); *Nobles* v. *Hutton,* 93 Pac. Rep. 289.

(e) Gifts *inter vivos* asserted after death. *Denigan* v. *Savings & Loan Soc.* 127 Cal. 137 [59 Pac. Rep. 389]; *Jones* v. *Falls,* 101 Mo. App. 536 [73 S. W. Rep. 903]; *Manhardt, In re,* 17 App. Div. 1 [44 N. Y. Supp. 836]; *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854]; *Wright, In re,* 121 App. Div. 581 [106 N. Y. Supp. 369]; *Quirk* v. *Quirk,* 155 Fed. Rep. 199; *Bliss* v. *Fosdick,* 86 Hun 162 [33 N. Y. Supp. 317], affirmed *Bliss* v. *Fosdick,* 151 N. Y. 625 [45 N. E. Rep. 1131].

(f) Analogy as to gifts *causa mortis. Gano* v. *Fisk,* 43 Ohio St.

Hamilton County.

462 [3 N. E. Rep. 532; 54 Am. Rep. 819]; *Flanders* v. *Blandy,* 45 Ohio St. 108 [12 N. E. Rep. 321]; *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854]; *Whalen* v. *Milholland,* 89 Md. 199 [43 Atl. Rep. 45; 44 L. R. A. 208]; *Lamson* v. *Monroe,* 5 Atl. Rep. 313 (Me.); *Varick* v. *Hitt,* 55 Atl. Rep. 139 (N. J. Ch.); *Varrick* v. *Hitt,* 65 N. J. Eq. 778 [60 Atl. Rep. 47]; *Varrick* v. *Hitt,* 66 N. J. Eq. 442 [57 Atl. Rep. 406]; *Devlin* v. *Bank,* 125 N. Y. 756 [26 N. E. Rep. 744]; *Tilford* v. *Bank for Savings,* 31 App. Div. 565 [52 N. Y. Supp. 142]; *Citizens' Sav. Bank* v. *Mitchell,* 18 R. I. 739 [30 Atl. Rep. 626]; *Schuyler* v. *Stephens,* 27 R. I. 479 [63 Atl. Rep. 561]; *Royston* v. *McCulley,* 59 S. W. Rep. 725 (Tenn. App.); *Smith* v. *Smith,* 92 Va. 696 [24 S. E. Rep. 280]; *Hatch* v. *Atkinson,* 56 Me. 324 [96 Am. Dec. 464].

(g)   Number of witnesses required as to gifts *inter vivos* asserted after death, or as to gifts *causa mortis.* *Smith* v. *Turpin,* 20 Ohio St. 478; *Gano* v. *Fisk,* 43 Ohio St. 462 [3 N. E. Rep. 532; 54 Am. Rep. 819]; *Mattingly* v. *Pennie,* 105 Cal. 514 [39 Pac. Rep. 200; 45 Am. St. Rep. 87]; *Albro* v. *Albro,* 23 Ky. Law Rep. 1555 [65 S. W. Rep. 592]; *Hatch* v. *Atkinson,* 56 Me. 324 [96 Am. Dec. 464]; *McGonnell* v. *Murray,* 3 Ir. R. Eq. 460; *Dunne* v. *Boyd,* 8 Ir. R. Eq. 609; *Cosnaban* v. *Grice,* 15 Mo. P. C. 223.

(h)   As to delivery. Effect of alleged donee being already in possession. *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854]; *Quirk* v. *Quirk,* 155 Fed. Rep. 199; *Manhardt, In re,* 17 App. Div. 1 [44 N. Y. Supp. 836]; *Varick* v. *Hitt,* 55 Atl. Rep. 139 (N. J. Ch.); *Drew* v. *Hagerty,* 81 Me. 231 [17 Atl. Rep. 63; 3 L. R. A. 230; 10 Am. St. Rep. 255]; *Allen* v. *Allen,* 75 Minn. 116 [77 N. W. Rep. 567]; *Gregg, In re,* 11 Misc. 153 [32 N. Y. Supp. 1103].

(i)   Admissions of a deceased. Their effect as evidence when oral and not corroborated. 2 Wharton, Evidence (3 ed.) Sec. 1077; 1 Am. & Eng. Enc. Law (2 ed.) 723; *Curtice* v. *Bank,* 110 Fed. Rep. 830; *Lea* v. *Polk Co. Copper Co.* 62 U. S. (21 How.) 493 [16 L. Ed. 203]; *Coeler* v. *Succession of Abels,* 18 La. Ann. 617; *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854]; *Piffet's Succession,* 37 La. Ann. 871; *Reed* v. *Morgan,* 100 Mo. App. 713 [73 S. W. Rep. 381]; *Fanning* v. *Doan,* 139 Mo. 392 [41 S. W. Rep. 742]; *Kinney* v. *Murray,* 170 Mo. 674 [71 S. W. Rep. 197]; *Garrison* v. *Aker,* 2 Barb. (N. Y.) 25.

(j)   The will of Susan B. Mills in and of itself overcomes the effect of the alleged admissions. *Bariza* v. *Graves,* 25 Tex. 322; *Whalen* v. *Milholland,* 89 Md. 199 [43 Atl. Rep. 45; 44 L. R. A. 208]; *Denigan* v. *Savings & Loan Soc.* 127 Cal. 157 [59 Pac. Rep. 389]; *Willis* v. *Baker,* 75 Ohio St. 291 [79 N. E. Rep. 466].

Miller v. McLean.

(k) "Clear and convincing proof" as recognized in Ohio. *Ford* v. *Osborne,* 45 Ohio St. 1 [12 N. E. Rep. 526]; *Stewart* v. *Gordon,* 60 Ohio St. 170 [53 N. E. Rep. 797]; *Hott.* v. *McDonough,* 2 Circ. Dec. 100 (3 R. 177); *Hammond* v. *Schweitzer,* 112 Ind. 246 [13 N. E. Rep. 869]; *Duwellius* v. *Duwellius,* 16 Dec. 291 (3 O. L. R. 402).

1. Summary as to defendant's oral testimony.

Alleged statements of Susan B. Mills do not show gift or transfer of title. Nine cases directly analogous reviewed. *Thomas* v. *Tilley,* 147 Ala. 189 [41 So. Rep. 854]; *Thompson* v. *Lynch,* 29 Cal. 189; *White* v. *Warren,* 120 Cal. 322 [49 Pac. Rep. 129; 52 Pac. Rep. 723]; *Burns* v. *Burns,* 132 Mich. 441 [93 N. W. Rep. 1077]; *Smith* v. *Burnett,* 35 N. J. Eq. 314; *Thompson* v. *West,* 56 N. J. Eq. 660 [40 Atl. Rep. 197]; *Dresser* v. *Zabriskie,* 39 Atl. Rep. 1066 (N. J.); *Roland* v. *Schrack,* 29 Pa. St. 125; *Irby* v. *McCrae,* 4 Desau. (S. C.) Eq. 422; *Sewall* v. *Glidden,* 1 Ala. 52; *Sims* v. *Sims,* 2 Ala. 117; *Blakey* v. *Blakey,* 9 Ala. 391; *Wheeler* v. *Glasgow,* 97 Ala. 700 [11 So. Rep. 758]; 14 Am. & Eng. Enc. Law (2 ed.) 1051; *Rooney* v. *Minor,* 56 Vt. 527; *Allen* v. *Allen,* 75 Minn. 116 [77 N. W. Rep. 567; 74 Am. St. Rep. 442].

Certified copies of deeds, mortgages and endorsements thereon admissible. Their effect stated. *Mitchell* v. *Ryan,* 3 Ohio ·St. 377; *Patterson* v. *Lamson,* 45 Ohio St. 77 [12 N. E. Rep. 531]; *Gordon* v. *Trimmier,* 91 Ga. 472 [18 S. E. Rep. 404]; *Ingles* v. *Ingles,* 150 Pa. St. 397 [24 Atl. Rep. 677]; *Munoz* v. *Wilson,* 111 N. Y. 295 [18 N. E. Rep. 855]; Chase's Stephens, Evidence (2 ed.) 211, Art. 87; 2 Jones, Conveyancing Secs. 1291, 1292; *Hodge* v. *Palms,* 117 Fed. Rep. 396 [54 C. C. A. 570]; *Hall* v. *Bradfield,* 12 Circ. Dec. 339 (21 R. 184), affirmed, *Bradfield* v. *Hale,* 67 Ohio St. 316 [65 N. E. Rep. 1008]; *Swain* v. *McMillan,* 30 Mont. 433 [76 Pac. Rep. 943]; *Hickey* v. *Railway,* 51 Ohio St. 40 [36 N. E. Rep. 672; 23 L. R. A. 396; 46 Am. St. Rep. 545]; *Borgman* v. *Spellmire,* 7 Dec. 344 (4 N. P. 416); *Douglass* v. *Scott,* 5 Ohio 194; *McChesney* v. *Wainwright,* 5 Ohio 452; *Scott* v. *Douglass,* 7 Ohio (pt. 1) 227; *Kinsman* v. *Loomis,* 11 Ohio 475; *Foster* v. *Wise,* 46 Ohio St. 20 [16 N. E. Rep. 687; 15 Am. St. Rep. 542]; 1 Perry, Trusts (5 ed.) 185, Sec. 137; *Anglo-Californian Bank* v. *Field,* 146 Cal. 644 [80 Pac. Rep. 1080]; *Bank of America* v. *Banks,* 101 U. S. 240 [25 L. Ed. 850]; *Devries* v. *Hiss,* 72 Md. 560 [20 Atl. Rep. 131]; *Hadley* v. *Bordo,* 62 Vt. 285 [19 Atl. Rep. 476]; *Ogden State Bank* v. *Barker,* 12 Utah 13 [40 Pac. Rep. 765]; *Penn* v. *Oglesby,* 89 Ill. 110; *Warner* v. *Brooks,* 80 Mass. (14 Gray) 107.

Notes, checks and stubs admissible as ancient documents. *Bell* v. *Brewster,* 44 Ohio St. 690 [10 N. E. Rep. 679]; *Barr* v. *Chapman,* 11

Hamilton County.

Dec. Re. 862 (30 Bull. 264) ; *Applegate* v. *Mining Co.* 117 U. S. 255 [6 Sup. Ct. Rep. 742; 29 L. Ed. 892] ; *McClaskey* v. *Barr,* 7 O. F. D. 76 [47 Fed. Rep. 154] ; *Dodge* v. *Gallatin,* 130 N. Y. 117 [29 N. E. Rep. 107] ; *Fowler* v. *Scott,* 64 Wis. 509 [25 N. W. Rep. 716] ; Chase's Stephens, Evidence (2 ed.) 212, Art. 88.

Notes, checks and stubs admissible in connection with Hinsdale deposition—their value as evidence in that connection considered. *Moots* v. *State,* 21 Ohio St. 653 ; *Shriedley* v. *State,* 23 Ohio St. 130 ; *Pennsylvania Co.* v. *Trainer,* 5 Circ. Dec. 519 (12 R. 66) ; *Culver* v. *Marks,* 122 Ind. 554 [23 N. E. Rep. 1086; 7 L. R. A. 489; 17 Am. St. Rep. 377] ; *Bryan* v. *Moring,* 94 N. C. 694; *Manchester Assur. Co.* v. *Oregon R. Co.* 46 Ore. 162 [79 Pac. Rep. 60; 69 L. R. A. 475] ; Chase's Stephens, Evidence (2 ed.) 342; 1 Greenleaf, Evidence (16 ed.) 542, Sec. 439b; 1 Wharton, Evidence (3 ed.) Sec. 238.

Endorsements, receipts and releases of Samuel Mills—their effect. *Berry* v. *Collins,* 6 Circ. Dec. 597 (9 R. 656) ; *Fellows* v. *Smith,* 130 Mass. 376; *Ivat* v. *Finch,* 1 Taunt. 141; *Smith* v. *Smith,* 3 Bing. N. C. 29; 1 Am. & Eng. Enc. Law (2 ed.) 682, 718; Chase's Stephens, Evidence (2 ed.) 60; *Bis' Estate,* 4 Pa. Dist. Rep. 251; 28 Am. & Eng. Enc. Law (2 ed.) 1079; *Cox* v. *Adams,* 2 Ga. 158; *Dietrich* v. *Mitchell,* 43 Ill. 40 [92 Am. Dec. 99] ; *Garrigus* v. *Home Frontier & Foreign Missionary Soc.* 3 Ind. App. 91 [28 N. E. Rep. 1009] ; *Grimes* v. *McAninch,* 9 Ind. 278; *Kelly* v. *Ford,* 4 Iowa 140; *Schallehn* v. *Hibbard,* 64 Kan. 601 [68 Pac. Rep. 61] ; *Dibrell* v. *Dandridge,* 51 Miss. 55; *Odell* v. *Presbury,* 13 Mo. 330; *Clark* v. *Schneider,* 17 Mo. 295; *Davis* v. *Morgan,* 64 N. C. 570; 8 Cyc. 230; 1 Daniel, Neg. Instr. (5 ed.) Sec. 679; 3 Elliott, Evidence Sec. 1829.

Presumption as to dates. *People* v. *Snyder,* 41 N. Y. 397; Chase's Stephens, Evidence (2 ed.) 209, Art. 85; *Johnson* v. *Carpenter,* 7 Minn. 176; *Knisely* v. *Sampson,* 100 Ill. 573; 3 Elliott, Evidence Sec. 1829; 8 Cyc. 220.

Collateral investments by Samuel Mills provable. *Allison* v. *Horning,* 22 Ohio St. 138; *Tompkins* v. *Starr,* 41 Ohio St. 305; *Brewing Co.* v. *Bauer,* 50 Ohio St. 560 [35 N. E. Rep. 55; 40 Am. St. Rep. 686] ; *Dyer* v. *Isham,* 2 Circ. Dec. 633 (4 R. 429) ; *David* v. *David,* 66 Ala. 139; *Glover* v. *Gentry,* 104 Ala. 222 [16 So. Rep. 38] ; *Haxton* v. *McClaren,* 132 Ind. 235 [31 N. E. Rep. 48] ; *Smith* v. *Doherty,* 109 Ky. 616 [60 S. W. Rep. 380] ; *Waterman* v. *Waterman,* 34 Mich. 490; *Blaisdell* v. *Davis,* 72 Vt. 295 [48 Atl. Rep. 14] ; 15 Am. & Eng. Enc. Law (2 ed.) 1170; 1 Perry, Trusts (5 ed.) 185, Sec. 137; *Holmes* v. *Goldsmith,* 147 U. S. 150 [13 Sup. Ct. Rep. 288; 37 L. Ed. 118] ; *Williamson* v. *United*

Miller v. McLean.

*States,* 207 U. S. 425 [52 L. Ed. 278]; *Allison* v. *Horning,* 22 Ohio St. 138.

The beneficiaries under the will of Mrs. Mills were competent witnesses. They are not "parties" to the record. *Rowland* v. *Griffiths,* 6 Dec. Re. 619 (3 Bull. 590; 7 Am. L. Rec. 115); *Clarkson* v. *Ruan,* 6 Dec. Re: 829 (8 Am. L. Rec. 360); *Lawson* v. *Bank,* 1 Ohio St. 206; *Butt* v. *Butt,* 1 Ohio St. 222; *Hubbell* v. *Hubbell,* 22 Ohio St. 208; *Baker* v. *Kellogg,* 29 Ohio St. 663; *Bell* v. *Wilson,* 17 Ohio St. 640; *Freeman* v. *Spalding,* 12 N. Y. 373; *Quin* v. *Moore,* 15 N. Y. 432; *Swofford* v. *Gray,* 8 Ind. 508; *Wheeler* v. *Towns,* 43 N. H. 56; *Gunnison* v. *Lane,* 45 Me. 165; *Nash* v. *Reed,* 46 Me. 168; *Stein* v. *Weidman,* 20 Mo. 17; *Perry* v. *Maguire,* 31 Mo. 287; *Ives* v. *McNicoll,* 59 Ohio St. 402 [53 N. E. Rep. 60; 43 L. R. A. 777; 69 Am. St. Rep. 780]; *Allen* v. *Tressenrider,* 72 Ohio St. 77 [73 N. E. Rep. 1015]; *Evans* v. *State,* 165 Ind. 369 [74 N. E. Rep. 244; 75 N. E. Rep. 651; 2 L. R. A. 619].

The amount of the judgment. *Christian* v. *Highlands,* 32 Ind. App. 104 [69 N. E. Rep. 266]; 11 Am. & Eng. Enc. Law (2 ed.) 530; *Fields* v. *United States,* 205 U. S. 292 [27 Sup. Ct. Rep. 543; 51 L. Ed. 807].

Newly discovered evidence as ground for new trial in trial court. *Cincinnati Trac. Co.* v. *Kelly,* 18 Dec. 113 (5 N. S. 444); *Moore* v. *Coates,* 35 Ohio St. 177; *Ludlow* v. *Park,* 4 Ohio 5.

Abuse of trial court's discretion must be shown. *Hoiles* v. *Riddle,* 74 Ohio St. 173 [78 N. E. Rep. 219; 113 Am. St. Rep. 946].

The tax receipts offered as to the value of the real estate were not competent to establish value. *Lewis* v. *Railway,* 223 Ill. 223 [79 N. E. Rep. 44]; *Powers* v. *Railway,* 33 Ohio St. 429.

Joseph H. and George H. Spellmire, and William Ricketts, whose testimony was offered in the form of affidavits, were not competent as witnesses. *Harpending* v. *Daniel,* 80 Ky. 449; *Hurry* v. *Kline,* 93 Ky. 358 [20 S. W. Rep. 277]; *Alexander* v. *Alford,* 89 Ky. 105 [20 S. W. Rep. 164]; *Berry* v. *Adams,* 122 Mich. 17 [80 N. W. Rep. 792]; *Thomas* v. *Payne,* 21 Ky. Law Rep. 401 [51 S. W. Rep. 450]; *O'Brien* v. *Weiler,* 140 N. Y. 281 [35 N. E. Rep. 587]; *White* v. *Thompson,* 123 Ala. 610 [26 So. Rep. 648]; *James* v. *Walker,* 24 Ky. Law Rep. 468 [68 S. W. Rep. 1106]; *Clinton Sav. Bank* v. *Underhill,* 115 Iowa 292 [88 N. W. Rep. 357]; *Davis* v. *Wood,* 161 Mo. 17 [61 S. W. Rep. 695]; *Neale* v. *Neale,* 18 Ky. Law Rep. 343 [36 S. W. Rep. 526]; *Duffield* v. *Hue,* 129 Pa. St. 94 [18 Atl. Rep. 566]; *Hess* v. *Gourley,* 89 Pa. St. 195; *Lyon* v. *Snyder,* 61 Barb. (N. Y.) 172; *Bennet* v. *Bennet,* 10 App. Div. 550 [42 N. Y. Supp. 435].

Hamilton County.

The offered testimony was only to prove that payment was made by Samuel Mills to the firm of Mills, Spellmire & Company, in other words, to himself. 22 Am. & Eng. Enc. Law (2 ed.) 524; 20 Am. & Eng. Enc. Law (2 ed.) 1095.

If Samuel Mills paid his wife's debts with his own money, the law presumes a gift. *Bernhardt* v. *Bernhardt*, 18 Circ. Dec. 686 (7 N. S. 517); *Creed* v. *Bank*, 1 Ohio St. 1; *Vanzant* v. *Davies*, 6 Ohio St. 52; *Roberts* v. *Remy*, 56 Ohio St. 249 [46 N. E. Rep. 1066]; *Dickinson* v. *Davis*, 43 N. H. 647 [80 Am. Dec. 202]; *Maxwell* v. *Maxwell*, 109 Ill. 588; *Fizette* v. *Fizette*, 146 Ill. 328 [34 N. E. Rep. 799]; *Kobarg* v. *Greeder*, 51 Neb. 365 [70 N. W. Rep. 921]; *Solomon* v. *Solomon*, 92 N. W. Rep. 124 (Neb.); *Siling* v. *Hendrickson*, 193 Mo. 365 [92 S. W. Rep. 105]; *Tison* v. *Gass*, 102 S. W. Rep. 751 (Tex. Civ. App.); *Doane* v. *Dunham*, 64 Neb. 135 [89 N. W. Rep. 640]; *Holmes* v. *Waldron*, 85 Me. 312 [27 Atl. Rep. 176]; *Sturdevant, In re*, 61 Conn. 465 [23 Atl. Rep. 826]; *Selover* v. *Selover*, 62 N. J. Eq. 761 [48 Atl. Rep. 522]; *Jackson* v. *Jackson*, 91 U. S. 122 [23 L. Ed. 258]; 25 Am. & Eng. Enc. Law (2 ed.) 446; 16 Am. & Eng. Enc. Law (2 ed.) 122; *Ward* v. *Ward*, 36 Ark. 586.

It is immaterial as to the application of the foregoing cases whether under the law the husband may become liable upon marriage for the debts of the wife. *King* v. *Morris*, 41 Ky. (2 B. Mon.) 99; *Nall* v. *Miller*, 95 Ky. 448 [25 S. W. Rep. 448]; *Burleigh* v. *Coffin*, 22 N. H. 118 [53 Am. Dec. 236]; *Sanborn* v. *Batchelder*, 51 N. H. 426; *Ward* v. *Ward*, 36 Ark. 586; *O'Hair* v. *O'Hair*, 76 Ark. 389 [88 S. W. Rep. 945]; *Westerman* v. *Westerman*, 25 Ohio St. 500.

There was no proof offered that Susan B. Palmer, afterwards Susan B. Mills, went into debt beyond her means when she contracted for the two houses, or that she was unable to pay for them in full out of her own personal estate, or that she did not so pay for them.

The cash items and cash books of Mills, Spellmire & Co. were not admissible as evidence. *Inslee* v. *Prall*, 23 N. J. Law 457; *Smith* v. *Rentz*, 131 N. Y. 169 [30 N. E. Rep. 54; 15 L. R. A. 138]; *Brannin* v. *Foree*, 51 Ky. (12 B. Mon.) 506; *Prince* v. *Smith*, 4 Mass. 455; *Cheney* v. *Cheney*, 162 Mass. 591 [39 N. E. Rep. 187]; *Cram* v. *Spear*, 8 Ohio 494; *Watts* v. *Shewell*, 31 Ohio St. 331; *Page* v. *Zehring*, 8 Dec. Re. 211 (6 Bull. 299); *Hough* v. *Henk*, 4 Circ. Dec. 69 (8 R. 354); *Kennedy* v. *Lodge*, 10 Circ. Dec. 360 (19 R. 425); *Stuckslager* v. *Neel*, 123 Pa. St. 53 [16 Atl. Rep. 94]; *Bader* v. *Ferguson*, 118 Mo. App. 34 [94 S. W. Rep. 836]; *Harrison* v. *Remington Paper Co.* 140 Fed. Rep. 385; *Wooten* v. *Railway*, 89 Miss. 322 [42 So. Rep. 131]; *Brown* v. *Bronson*,

Miller v. McLean.

93 N. Y. App. 312 [87 N. Y. Supp. 872]; *Cooley* v. *Collins,* 186 Mass. 507 [71 N. E. Rep. 979]; *Juniata* v. *Brown,* 5 Serg. & R. (Pa.) 226; *Hauser* v. *Leviness,* 62 N. J. Law 518 [41 Atl. Rep. 724]; *Hall* v. *Woolen Co.* 187 Pa. St. 18 [40 Atl. Rep. 986; 52 L. R. A. 703; 67 Am. St. Rep. 563].

The diaries of Samuel Mills are not admissible. *Riley* v. *Boehm,* 167 Mass. 183 [45 N. E. Rep. 84]; *Costelo* v. *Crowell,* 139 Mass. 588 [2 N. E. Rep. 698]; *Security Co.* v. *Graybeal,* 85 Iowa 543 [52 N. W. Rep. 497; 39 Am. St. Rep. 311]; *Lyman* v. *Bechtel,* 55 Iowa 437 [7 N. W. Rep. 673]; *Callaway* v. *McMillian,* 58 Tenn. 557; *Godding* v. *Orcutt,* 44 Vt. 54; *Harrold* v. *Smith,* 107 Ga. 849 [33 S. E. Rep. 640]; *Barber's Appeal, In re,* 63 Conn. 393 [27 Atl. Rep. 973; 22 L. R. A. 90]; 11 Am. & Eng. Enc. Law (2 ed.) 609; *Burleigh* v. *Coffin,* 22 N. H. 118; *Wilson* v. *Goodin,* Wri. 219; *Voight Sons & Co.* v. *Lafkin,* 6 Circ. Dec. 124 (12 R. 751); *Mathias Planing Mill Co.* v. *Hazen,* 11 Circ. Dec. 54 (20 R. 287); *Watts* v. *Shewell,* 31 Ohio St. 331.

The supplemental affidavit of Mrs. Miller as to the will. *Willis* v. *Baker,* 75 Ohio St. 291 [79 N. E. Rep. 466].

The evidence offered of former servants of Mrs. Miller was to the last degree cumulative, and was procurable at or before the trial. *Perrin* v. *Insurance Co.* 11 Ohio 147 [38 Am. Dec. 728]; *Moore* v. *Coates,* 35 Ohio St. 177.

It was sought to show that Mrs. Mills had some relatives, and that Samuel Mills helped to support them.·

It is claimed in the affidavit of Mr. Healy that he was surprised at the trial and not prepared, and came in as new counsel. *Gaines* v. *White,* 1 S. Dak. 434 [47 N. W. Rep. 524]; *Acord* v. *Western Pocahontas Corporation,* 156 Fed. Rep. 989; *Bohannon* v. *Bohannon,* 29 Ky. Law Rep. 143 [92 S. W. Rep. 597].

GIFFEN, J.

If the evidence offered by the plaintiff in the original action is insufficient to show that Samuel Mills took possession of all the proceeds of sale of his wife's real estate, her admissions offered by the defendant make the proof complete even as to the $20,500 cash payment. It is plain also from all the evidence that she consented to such possession; but the chief question is whether he reduced the property into his possession with her assent within the meaning of the act of 1861 (58 O. L. 54) as to $20,500 and the act of 1871 (68 O. L. 48) as to $6,000 of the sum sued for.

Hamilton County.

The evidence clearly shows that the husband intended and did appropriate the notes and money of the wife to his own use. During the remainder of his life, a period of nearly thirty years, he rendered no account to her of the principal or the interest, and she requested none; but on the contrary repeatedly said that there was only one pocketbook in the family, and after his death she elected to take under a will which purported to dispose of all the property standing in his name without acknowledging any indebtedness to or claim in favor of her, and at the same time she declared that her property had been "given over to Mr. Mills and he should dispose of it as he felt like; that she was satisfied." This declaration was not an attempt to dispose of her property at that time, nor merely a ratification of the acts of her husband, but was a statement of a past transaction whereby she had made a gift of her property to him. It was made when the subject under consideration was her property and property rights—when the influence and restraint, if any, of her husband were removed, and was a frank and natural explanation of the conduct of both of them with reference to her property, which could not have been explained in any other way without reflecting on the honesty and fidelity of her husband.

While it is true that Judge Ferris, who was present, does not recall his declaration, yet it does not affirmatively appear that he was in a position to hear everything that was said. He was there for the purpose of obtaining her election under the will of her husband, and was not concerned with other matters discussed. It appears also that he recalls a declaration that the witness Catherine Lynskey does not, although she did remember a like declaration made by Mrs. Mills at other times, to wit, "There was only one pocketbook." This failure of the two witnesses to recollect all that was said on that day is not unusual, but rather to be expected.

The declarations of Mr. Mills "I have money of your aunt's to invest" and "This is your aunt's money" relate to no particular sum and were made many years prior to that of Mrs. Mills. While they could apply at the time to a part of the fund in controversy, yet they would cease to apply if Mrs. Mills subsequently assented to a reduction into possession of such fund by her husband, and that is the effect of her declaration. The very term "reduction into possession" implies an initiative on the part of the husband and the assent, if given, is a subsequent act of the wife either expressed or implied. It seems clear to us that Mrs. Mills gave her express assent that her husband might use the fund in his possession for his own benefit.

Miller v. McLean.

The doctrine of stale equity or laches does not apply, the action being one at law and governed by the statute of limitations which did not begin running during coverture.

The refusal to open up the case after final submission to hear newly discovered evidence material to the defense which could not with reasonable diligence have been obtained before, is also a ground of error. The proposed evidence so far as it relates to payment by Samuel Mills of his wife's debts was not cumulative, but was an entirely new and distinct kind of evidence directed to a different defense. The circumstances of the discovery are such that it may fairly be said that the evidence could not with reasonable diligence have been sooner discovered. It was the result of chance or good fortune, more than diligent search and inquiry.

It is claimed, however, that the evidence is inadmissible, because the presumption is that when a man pays the debt of his wife with his own money a gift is made, and numerous authorities are cited which hold that where the husband buys land, pays for it, and causes it to be conveyed to his wife, or expends his own money in the improvement of her property, the law, in absence of proof to the contrary, presumes it to be a gift. In all of these cases the payment or conveyance was wholly voluntary and naturally led to the conclusion that it was a gift.

The proposed evidence showed that the wife was largely indebted to the firm of Mills, Spellmire & Co., of which her husband was a member, for a balance due for the construction of a building on one of the lots in question—that he paid such debt or a part thereof; that a short time thereafter the premises were sold, and that the proceeds of sale came into his possession and were retained until his death. While there was no legal liability imposed on him to pay the debt, it was not a mere voluntary payment intended to enhance the value of her property, but to preserve that which she had, and when he took possession of the proceeds of sale, ever after retaining them, the presumption of a gift is rebutted, or at least a reduction into possession with her assent is shown, to the extent of the debt paid. Counsel for defendant in error insists that Samuel Mills, almost from the date of his marriage, assumed control and management of his wife's estate and became her trustee or agent; but he seems to deny him the right to credit himself with payments made in the interest of the trust and while acting as such trustee or agent. The same rule that required him to account for all money received as agent or trustee allowed him a credit for all payments, made in that capacity. The cash book of Mills, Spellmire & Co. was competent evidence under Sec. 5242, Sub. 6, Rev. Stat.,

of payment by Samuel Mills of his wife's debt to the firm or other creditors.

The entry in his diary purporting to be the result of an examination of his account as shown by the books of Mills, Spellmire & Co., some of which had since been destroyed by fire, and being against interest when made, was admissible as evidence of payment or assumption of payment of his wife's debt.

The evidence offered, if uncontradicted, would have required a different judgment; but as the application was not made by motion for a new trial under Sec. 5307 Rev. Stat., nor by petition under Sec. 5309 Rev. Stat., there was no error in overruling the same.

The judgment, being manifestly against the weight of the evidence, is reversed and the cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.


DECISION ON REHEARING, January 9, 1909.

**GIFFEN, J.**

It is settled law in this state that a written assignment is unnecessary to complete a gift *inter vivos* of a note or other evidence of indebtedness. *Polly* v. *Hicks,* 58 Ohio St. 218 [50 N. E. Rep. 809; 41 L. R. A. 858]. And while the evidence must be clear and convincing, there is no rule of law requiring it all to be direct and positive.

The admissions of Mrs. Mills, if made, are direct evidence of the facts stated, which considered together show her assent to a reduction into possession by her husband of the proceeds of sale of her real estate. The claim of counsel for defendant in error that the declarations of deceased persons are of little, if any, value, is not as a general rule sound. In the case of *Larimore* v. *Wills, Admr.* 29 Ohio St. 13, it was held to be reversible error to exclude declarations of the payee of a promissory note that she intended to give it to the defendant, Judge White saying at page 17:

"Where the subject of the alleged gift has been delivered, the intention with which the delivery was made becomes material, and this intention may be proved by the declarations of the alleged donor, whether made at the time of the delivery or not."

In the case under consideration the declarations relate not to an intention to thereafter make a gift, but to her assent to the use by her husband for his benefit of property then in his possession. If there be any weakness in the testimony, it lies in the source and not the substance of the declarations. The trial judge makes, in his written opinion, no complaint of the witnesses who testified to the declarations, but

Miller v. McLean.

disagrees with us on their effect; and surely the fact that one of the witnesses was a nurse or servant in the household should not alone discredit her.

While it is true that no presumption of a gift arises from the possession by the husband of his wife's property, whether with or without her consent, yet such possession with her consent continued for a period of thirty years without demanding or receiving any account, although the marriage relation was always harmonious and affectionate, is clearly corroborative of the declaration that a gift was made. Mrs. Mills was not, of course, bound to speak at the risk of making trouble in the family; but it was natural that she should and did speak in harmony with her conduct with reference to the property. When therefore, with full knowledge that her husband was using her property as his own, investing part of it in real estate and taking title in his own name, selling part, and reinvesting the proceeds, without in any way recognizing her as a creditor or beneficiary, she makes any declaration upon the subject, the most natural one would be that it was all done with her consent.

Her will executed before her marriage to Mr. Mills and before the purchase of the property in dispute, and which contains no specific bequest, except of her gold watch, is no more inconsistent with her admissions concerning property in the possession of her husband than her election to take under his will is inconsistent with her right to such property, and for the reason that neither refers, in terms, to that property.

Without her declarations the evidence is insufficient to show that her husband received for her use all the money in question. The stub of a bank check can rise no higher as evidence than the check itself, which is only to be regarded as payment, if cashed, unless accepted in absolute discharge of the debt. 2 Daniel, Neg. Inst. Sec. 1623.

The stub of June 6, 1870, shows by a liberal construction only that a check for $6,875, payable to Fanny C. Mendenhall, or bearer, was delivered to Samuel Mills as "first payment, house and lot, Sixth street;" and no effort was made to prove that the check itself was cashed by him or any other person, although a check of the bank on which it was drawn was examined as a witness.

So also the check dated May 29, 1872, for $5,135.58, and the corresponding stub show that it was payable to Fanny C. Mendenhall or bearer, and applied to the payment of "note to S. Mills;" but the note for the purchase money of the Sixth street property due on that day

bears no evidence by indorsement or otherwise that S. Mills had anything to do with it; and on the day the last note was due, Mrs. Mills joins her husband in the execution of a receipt of satisfaction in full of the mortgage, and authorizes its cancellation of record.

It does not appear from the evidence when, if ever, in what manner, or to whom, the first payment of $2,500 for the George street property was made except by the deed in which both husband and wife acknowledged receipt of the entire purchase money of $6,000.

The purchases of real estate by Samuel Mills in 1885 and 1886 were too remote to prove the receipt by him of money arising from transactions occurring twelve or fifteen years before; nor do they enlarge the declaration that he had money of his wife's to invest in a particular piece of property and for a particular purpose, so as to include all the money he invested during that period in other property.

Counsel insist, however, that the trial court was entitled to accept the declarations of Mrs. Mills to the extent of showing possession and to reject them as evidence of title; but he himself, in his original brief, cites cases to show the indefinite and uncertain sense in which the verb "to give" may be used in connection with personal property. Why then reject qualifying words which make the meaning definite and certain, and add others that restrict the sense to "delivery of possession" only.

In the case of *Liesemer* v. *Burg,* 106 Mich. 124 [63 N. W. Rep. 999], cited by counsel for defendant in error, the defense of payment is a distinct admission of the purpose for which the money was received, to wit, for the use of plaintiff; hence it was properly held that he might avail himself of the admission and contradict other portions of the testimony.

The plaintiff's cause of action is money had and received for the use of his testator, and the burden of proof is not sustained by showing merely that Samuel Mills had possession of a check and notes given in payment of his wife's property, although transferable by delivery. It must be further shown that he realized the cash or its equivalent by using the check and notes.

In either view of the evidence, therefore, it is not sufficient to sustain the judgment, and the application for a rehearing will be denied.

**Swing** and **Smith, JJ.,** concur.